UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SUNBELT INNOVATIVE**            **CIVIL ACTION**
**PLASTICS, LLC, ET AL.**

**VERSUS**            **NO. 23-6194**

**CERTAIN UNDERWRITERS**
**AT LLOYDS, LONDON, ET AL.**            **SECTION "O"**

## ORDER

Before the Court is the motion[1] of Defendants to compel arbitration and stay this litigation under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. § 206. Defendants contend that the Court should compel arbitration because Plaintiffs' claims are subject to an arbitration provision in Insurance Policy/Account No. 777941 (the "Account Policy"), and because the Account Policy's arbitration provision in turn falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.[2] Plaintiffs "have no opposition" to the motion and ask that the case "be stayed pending arbitration."[3]

---

[1] ECF No. 9.
[2] ECF No. 9-1 at 1–2.
[3] ECF No. 10 at 1.

"The Convention is an international treaty that provides citizens of signatory countries the right to enforce arbitration agreements." *Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, No. 23-30171, —F.4th—, 2024 WL 1262225, at *3 (5th Cir. Mar. 26, 2024) (per curiam). "Its purpose is 'to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in signatory countries.'" *Id.* (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974)). The Federal Arbitration Act ("FAA") "codifies the Convention, providing that it 'shall be enforced in United States courts in accordance with [the FAA's terms].'" *Id.* (brackets in original) (quoting 9 U.S.C. § 201).

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Id.* (internal citation and quotation marks omitted). "[A] court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (brackets in original) (internal citation and quotation marks omitted). "Once these factors are met, a district court must order arbitration unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (brackets in original) (internal citation and quotation marks omitted).

Each factor is met here. The first factor is met because the Account Policy contains a written agreement to arbitrate "[a]ll matters in difference . . . in relation to" the Account Policy.[4] *See id.* The second factor is met because the Account Policy's arbitration agreement provides for arbitration in New York,[5] "which is located in a Convention signatory nation." *Id.* The third factor is met because the Account Policy's arbitration agreement arises out of an insurance contract, which is a commercial legal relationship. *See, e.g., id.* (concluding the third factor was met in arbitration agreement contained in insurance policy). And the fourth and final factor is met because non-American citizen insurers, including Lloyd's of London Syndicates 2987 and 510, are parties to the Account Policy's arbitration agreement.[6] *See id.*

Because all four factors are met, the Court "must order arbitration unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (brackets in original) (internal citation and quotation marks omitted). No party contends that the Account Policy's arbitration agreement is null and void, inoperative or incapable of being performed. The Court therefore finds that the arbitration agreement in the Account Policy is *not* "null and void, inoperative or incapable of being performed." *Id.* (internal citation and quotation marks omitted).

---

[4] ECF No. 9-2 at 4.
[5] *Id.*
[6] *Id.* at 3.

In sum, the Court concludes that the Convention requires compelling arbitration here because each of the four relevant factors is met, and the arbitration agreement in the Account Policy is *not* "null and void, inoperative or incapable of being performed." *Id.* (internal citation and quotation marks omitted).

Accordingly,

**IT IS ORDERED** that the motion of Defendants to compel arbitration and stay proceedings is **GRANTED**. Plaintiffs and Defendants are compelled to arbitrate Plaintiffs' claims in accordance with the terms of the arbitration agreement contained in the Account Policy. This action is stayed pending arbitration. The Clerk's Office is respectfully directed to close this case for administrative and statistical purposes.

New Orleans, Louisiana, this 1st day of April, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE